1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  FRANK J. ANDERS, ESQ., S.B. #227208
   BRAYTON❖PURCELL LLP
3  Attorneys at Law
   222 Rush Landing Road
4  P.O. Box 6169
   Novato, California 94948-6169
5  (415) 898-1555
   (415) 898-1247 (Fax No.)
6
7  Attorneys for Plaintiffs

8  **UNITED STATES DISTRICT COURT**
9  **NORTHERN DISTRICT OF CALIFORNIA**
10 **SAN FRANCISCO DIVISION**

| | |
|---|---|
| THEONI SALCEDO, *et al.*,  )<br>  )<br>Plaintiffs,  )<br>  )<br>vs.  )<br>  )<br>  )<br>NEWPORT NEWS SHIPBUILDING  )<br>AND DRY DOCK COMPANY, *et al.*,  )<br>  )<br>Defendants.  )<br>  )<br>  ) | No. C 08-04381-BZ<br><br>JOINT MOTION AND STIPULATION TO STAY PROCEEDING OR, IN THE ALTERNATIVE, TO CONTINUE CASE MANAGEMENT DEADLINE AND CONFERENCE, AND TO EXTEND TIME; [~~PROPOSED~~] ~~ORDER TO STAY;~~ [~~PROPOSED ALTERNATIVE~~] ORDER TO CONTINUE |

19  Pursuant to Civil L. R. 7-11 and 7-12, the following parties hereby stipulate to, and

20 respectfully move the Court for, an Order extending time as set forth in the *Case Management*

21 *Scheduling Order* filed September 18, 2008, for the following good cause:

22  On October 20, 2008, Defendants NEWPORT NEWS SHIPBUILDING AND DRY

23 DOCK COMPANY, and NORTHROP GRUMMAN SHIP SYSTEMS, INC., filed a Notice to

24 Tag Along Action regarding the pending Multidistrict Litigation ("MDL") in the Eastern District

25 of Pennsylvania, seeking among other things, to move Jurisdiction of this matter to that District

26 (Document 6.) Defendants NEWPORT NEWS SHIPBUILDING AND DRY DOCK

27 COMPANY, and NORTHROP GRUMAN SHIP SYSTEMS, INC., have sent notice to tag-

28 along to the clerk of the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28

1 | U.S.C. § 1407; said notice to the JPML from counsel being necessary to initiate the transfer
2 | process.

On July 29, 1991, the JPML entered an order transferring all asbestos personal injury cases pending in the federal courts to the United States District Court for the Eastern District of Pennsylvania, for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. (*In re Asbestos Products Liability Litigation (no. VI). MDL No. 875.*, 771 F.Supp. 415 (1991)).  That order also applies to "tag-along actions," or actions involving common questions of fact filed after January 17, 1991. Such actions are to be transferred to the eastern District of Pennsylvania as part of MDL 875, for coordinated pretrial proceedings.

The JPML has held that a district court has the authority to stay pending a transfer order. *In re Asbestos Products Liability Litigation,* 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) ("[T]hose courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.")

The parties agree that it is likely that the JPML will transfer this matter to the Eastern District of Pennsylvania. The Clerk of the JPML has not entered a *Conditional Transfer Order* pursuant to JPML Rule 12(a) or filed an order to show cause why the action should not be transferred, pursuant to JPML Rule 13(b).  It is likely the dates set forth in the *Case Management Scheduling Order* including the deadlines imposed by Federal Rules of Civil Procedure, Rule 26, will pass before the Clerk of the JPML acts.

The parties make this Motion on the grounds that a stay of this action would (a) promote judicial efficiency, (b) allow consistency in pretrial rulings, and (c) be most convenient to the parties.

For the reasons above, the parties hereby STIPULATE to and respectfully request the Court VACATE its *Case Management Scheduling Order* and that the Court issue an Order STAYING this action pending the outcome of the MDL Panel's decision on the merits of the transfer.

////

In the alternative, the parties hereby STIPULATE to and respectfully request that this Court vacate and continue the dates set forth in the *Case Management Scheduling Order* pending the outcome of the JPML's decision on the merits of the transfer.

Dated:  October 23, 2008                                     BRAYTON❖PURCELL LLP

                                                                            /s/  David R. Donadio

                                                    By: _____
                                                            David R. Donadio
                                                            Attorneys for Plaintiffs

Dated: October 23, 2008                                      HAIGHT BROWN AND BONESTEEL LLP

                                                                            /s/  Nairi Chakalian

                                                    By: _____
                                                            Nairi Chakalian
                                                            Daniel J. Kelly
                                                            Attorneys for Defendant
                                                            Newport News Shipbuilding and
                                                            Dry Dock Company and Defendant
                                                            Northrop Grumman Ship Systems, Inc.

[PROPOSED]   **ORDER TO STAY**

IT IS HEREBY ORDERED that the hearing date and deadlines specified in the *Case Management Scheduling Order* dated September 18, 2008, are hereby VACATED and that this action is STAYED pending the outcome of the JPML's decision on the merits of the transfer.

Dated: _____

                                                                    _____
                                                                    Bernard Zimmerman
                                                                    United States Magistrate Judge

////

////

////

////

////

////

C:\Documents and Settings\USDC\Local Settings\Temp\notes56FD74\Stip stay or cont w Magistrate (Salcedo).wpd    3
JOINT MOTION AND STIPULATION TO STAY PROCEEDING OR, IN THE ALTERNATIVE, TO CONTINUE CASE MANAGEMENT DEADLINES

1  [PROPOSED *ALTERNATIVE*]  **ORDER TO CONTINUE**

2  IT IS HEREBY ORDERED that the hearing date and deadlines specified in the *Case*

3  *Management Scheduling Order* dated September 18, 2008, are hereby VACATED.

4  IT IS FURTHER ORDERED that the following case management deadlines are

5  continued as follows:

6  1.  The Case Management Conference is [set for a date after January 20, 2009 to

7  wit:] _____JANUARY 26_____, 2009; at 4:00 p.m., Courtroom "G", 15th Floor, 450 Golden

8  Gate Avenue, San Francisco, California.

9  2.  Last day to meet and confer re initial disclosures, early settlement, ADR process

10 selection, and discovery plan is 21 days before the Case Management Conference in paragraph 1,

11 above.

12 3.  Last day to file Joint ADR Certification with Stipulation to ADR process or

13 Notice of Need for ADR Phone Conference is 21 days before the Case Management Conference

14 in paragraph 1, above.

15 4.  Last day to complete initial disclosures or state objection to Rule 26(f) Report,

16 file/serve Case Management Statement and file/serve Rule 26(f) Report is 5 court days before

17 the Case Management Conference in paragraph 1, above.

18 Dated: __OCTOBER 27, 2008__

19                                                           _____
20                                                           Bernard Zimmerman
                                                             United States Magistrate Judge